**Avtar SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72644.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Leslie McKay, DOJ—U.S. Department of Justice Civil Div./Office of Immigration, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM [**]

Avtar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review factual findings under the substantial evidence standard. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's finding that changed country conditions overcame any presumption of a well-founded fear of future persecution arising from Singh's establishment of past persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003) (upholding BIA's determination that INS successfully rebutted presumption of well-founded fear of persecution with evidence of changed country conditions).

It follows that Singh did not satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1428–29 (9th Cir.1995).

Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Petitioner's remaining contentions are without merit.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

